IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

RAMZIDDIN TROWELL,

        Plaintiff,

  v.

W. GARLAND, Corrections Officer,
Upstate Correctional Facility, *et al.*,

        Defendants.

Civil Action No.
9:16-CV-1203 (BKS/DEP)

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| RAMZIDDIN TROWELL, *Pro Se*<br>14-A-4530<br>Upstate Correctional Facility<br>P.O. Box 2001<br>Malone, NY 12953 | |
| FOR DEFENDANTS: | |
| HON. ERIC T. SCHNEIDERMAN<br>New York State Attorney General<br>The Capitol<br>Albany, NY 12224 | MELISSA A. LATINO, ESQ.<br>Assistant Attorney General |

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Ramziddin Trowell has commenced this civil rights action against three individuals employed by the New York State Department of Corrections and Community Supervision ("DOCCS") pursuant to 42 U.S.C. § 1983.[1] Plaintiff's complaint, as amended, alleges that defendants used excessive force against him and denied him adequate medical care, both in violation of the Eighth Amendment to the United States Constitution.

Currently pending before the court is defendants' motion to abate or stay the proceedings in this action in light of an earlier lawsuit filed by plaintiff, or, in the alternative, dismiss two claims asserted against two defendants pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that defendants' motion be denied, but that this action be consolidated with plaintiff's earlier-filed lawsuit.

---

[1] Although all of plaintiff's submissions to the court list the spelling of his name as "Ramziddin," *see, e.g.,* Dkt. Nos. 1, 2, 3, 5, 11, publicly available information concerning plaintiff's incarceration reflect the spelling of his name as "Ramzidden." New York State DOCCS, http://nysdoccslookup.doccs.ny.gov/ GCA00P00/WIQ1/WINQ000 (last visited Sept. 20, 2017); *see also* Dkt. No. 12. For the sake of consistency, I have used plaintiff's spelling of his first name in this report.

2

I.  BACKGROUND

Plaintiff is a New York State prison inmate currently confined in the custody of the DOCCS. Dkt. No. 11 at 2. At all times relevant to the events in this action, plaintiff was housed in the Upstate Correctional Facility ("Upstate") located in Malone, New York. *Id.* at 4-5.

On August 5, 2016, at approximately 6:30 a.m., a nurse arrived at plaintiff's cell to deliver his medication. Dkt. No. 11 at 4. As instructed, plaintiff stated his department identification number ("DIN"), but when plaintiff went to retrieve the medicine through the feed hatch, which essentially constitutes a slot in his cell door, defendant W. Garland, a corrections officer stationed at Upstate, directed plaintiff to re-state his DIN. *Id.* Plaintiff alleges that he felt he was being harassed by defendant Garland at that point, and consequently did not comply with the order. *Id.* Defendant Garland then allegedly closed the slot door on plaintiff's arm while it was still inside, resulting in an injury to plaintiff's forearm. *Id.*

Defendant Garland reported the incident to defendant Vesneske, a sergeant stationed at Upstate. Dkt. No. 11 at 4. According to plaintiff, defendant Garland lied to defendant Vesneske about the cause of plaintiff's injury, telling him that plaintiff "tr[ied] to hurt [himself]." *Id.* Approximately two hours later, defendant Vesneske arrived at plaintiff's

3

cell and asked plaintiff if he "wanted to see someone from mental health." *Id.* When plaintiff declined, defendant Vesneske insisted plaintiff be transported to the mental health unit and directed plaintiff to "cuff up." *Id.* at 4-5. Perceiving defendant Vesneske's order as a threat, plaintiff became "afraid and very upset," and, for that reason, refused to comply with the order. *Id.* at 5. Defendant Vesneske then allegedly "gas[s]ed" plaintiff while he was confined in his cell, at which time "three unknown masked persons" entered the cell and began assaulting plaintiff. *Id.* The assault continued as plaintiff was allegedly dragged out of his cell, placed in a holding cell, stripped down to his underwear, and finally transported to the infirmary. *Id.* Upon arriving at the infirmary, plaintiff was held face-down on the floor by the unknown individuals, and defendant Fleury, a corrections officer, "stuck a finger in [plaintiff's] anus and called him [an expletive]." *Id.* at 6.

Plaintiff alleges generally that, following the incident described above, he was denied adequate medical treatment and food, and that he was later diagnosed with a fractured clavicle as a result of the use of force. Dkt. No. 11 at 6.

## II. PROCEDURAL HISTORY

On or about October 5, 2016, plaintiff commenced this action with the filing of a complaint, accompanied by an application to proceed in the action *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2. Following review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, District Judge Brenda K. Sannes issued a decision and order granting plaintiff's IFP application and dismissing all of the claims asserted in the complaint, with the exception of plaintiff's Eighth Amendment excessive force claim asserted against defendant Garland, and granted plaintiff leave to amend his complaint. Dkt. No. 7 at 9.

Plaintiff availed himself of the opportunity to amend on or about January 19, 2017. Dkt. No. 11. Liberally construed, his amended complaint, which was accepted following review by the court, Dkt. No. 18, asserts the following Eighth Amendment claims against the defendants arising from the incident at Upstate on August 5, 2016: (1) excessive force against defendant Garland based on plaintiff's allegation that defendant Garland shut the feed hatch on his arm causing an injury; (2) deliberate medical indifference against defendant Garland based on plaintiff's allegation that defendant Garland deprived him of his medication; (3) excessive force against defendant Vesneske based on plaintiff's allegation

5

that defendant Vesneske "gas[s]ed" plaintiff in his cell; (4) failure to intervene against defendant Vesneske based on the allegation that defendant Vesneske did not protect plaintiff from harm during the assault in his cell; and (5) excessive force against defendant Fleury based on plaintiff's allegation that defendant Fleury sexually assaulted plaintiff upon arriving at the infirmary and broke plaintiff's clavicle. *See generally* Dkt. No. 11.

On August 14, 2017, defendants filed the currently pending motion seeking (1) dismissal of the action as duplicative of an action earlier filed by plaintiff; (2) a stay of the action, in the alternative, based on its duplicity with the earlier-filed action; or (3) dismissal of the excessive force claims asserted against defendants Garland and Vesneske pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. No. 29-1. Defendants' motion, which plaintiff has not opposed, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 73.2(c). *See* Fed. R. Civ. P. 72(b).

III. DISCUSSION

A. Defendants' Request to Dismiss and/or Stay This Action Based on Plaintiff's Earlier-Filed Action

This is not the first action that plaintiff has commenced in this district concerning the incident that occurred at his cell at Upstate on August 5, 2016. On or about June 6, 2016, he filed a complaint in this district in *Trowell v. Santamore* ("*Trowell I*"), No. 16-CV-0639, Dkt. No. 1 (N.D.N.Y. filed June 6, 2016). Plaintiff has since amended his original complaint in *Trowell I*, and the claims and defendants that remain for consideration in that action include (1) an Eighth Amendment excessive force claim asserted against defendant Sergeant Santamore arising from an incident in February 2016, and (2) an Eighth Amendment excessive force claim asserted against defendant Fleury concerning the use-of-force incident on August 5, 2016. *See generally Trowell I*, Dkt. Nos. 17, 18. Neither defendant Vesneske nor defendant Garland are defendants in *Trowell I*. *Id.*

As a matter of judicial discretion, a court may dismiss an action that is duplicative of another, previously filed suit. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The dismissal of an action that parallels an earlier filed suit avoids duplicative litigation, promotes judicial economy, and protects parties from "'the vexation of concurrent litigation over the

7

same subject matter.'" *Curtis*, 226 F.3d at 138 (quoting *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)); *see also* Fed. R. Civ. P. 1 (instructing courts and litigants to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Simply stated, a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, F.3d at 139. "Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Id.* at 138 (collecting cases). Courts retain the discretion to choose which of these courses of action to take. *Id.* at 139.

In this instance, although *Trowell I* involves one identical claim against defendant Fleury arising from the same incident as the claim in this matter, *Trowell I* also concerns additional claims against a different defendant arising from a separate incident that occurred months earlier. I note, moreover, that, based on its review of the sufficiency of plaintiff's original and amended complaints, the court dismissed defendants Vesneske and Garland from *Trowell I*. Dkt. Nos. 4, 17. Accordingly,

although the two actions – this matter and *Trowell I* – include one overlapping claim asserted against defendant Fleury arising from the incident on August 5, 2016, *Trowell I* encompasses additional claims asserted against a different defendant involving a distinct incident, while this action includes claims asserted against defendants that have been dismissed in *Trowell I*. Under these circumstances, where there is some overlap of issues but also significant differences in the two actions, I do not find dismissal of either action appropriate under the first-filed doctrine. *See Curtis*, 226 F.3d at 136 ("A court must be careful, when dismissing a second suit between the same parties as duplicative, not to be swayed by a rough resemblance between the two suits without assuring itself that beyond the resemblance already noted, *the claims asserted in both suits are also the same*." (emphasis added)). Instead, I recommend that the two cases be consolidated for consideration. *See, e.g., id.* at 138.

B. <u>Defendants' Request to Dismiss Plaintiff's Excessive Force Claim Asserted Against Defendants Garland and Vesneske Pursuant to Rule 12(c)</u>

In the alternative, defendants seek dismissal of the Eighth Amendment excessive force claim asserted in plaintiff's amended complaint against defendants Garland and Vesneske pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. No. 29-1 at 16-20.

### 1. Legal Standard Governing Motions for Judgment on the Pleadings

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When analyzing a Rule 12(c) motion, the court must apply the same standard as that applicable to a motion under Rule 12(b)(6). *See, e.g.*, *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994); *Wynn v. Uhler*, 941 F. Supp. 28, 29 (N.D.N.Y. 1996) (Pooler, J.).

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading using a standard which, though unexacting, "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation" in order to withstand scrutiny. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). While modest in its requirements, that rule commands that a complaint contain more than mere legal conclusions. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations.").

In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true and draw all inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555-56); *see also Cooper v. Pate*, 378 U.S. 546, 546 (1964); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.). The tenet that a court must accept as true all of the allegations contained in a complaint does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678.

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008). As the Second Circuit has observed, "[w]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge plaintiffs' claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 570) (alterations omitted).

When assessing the sufficiency of a complaint against this backdrop,

particular deference should be afforded to a *pro se* litigant, whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action. *Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (citation omitted)); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("[W]hen a plaintiff proceeds *pro se*, a court is obliged to construe his pleadings liberally." (quotation marks and alterations omitted)); *Kaminski v. Comm'r of Oneida Cnty. Dep't of Soc. Servs.*, 804 F. Supp. 2d 100, 104 (N.D.N.Y. 2011) (Hurd, J.) ("A pro se complaint must be read liberally.").

2. Analysis

Plaintiff's excessive force claim asserted against defendants Garland and Vesneske is grounded in the Eighth Amendment, which prohibits punishment that is "incompatible with 'the evolving standards of decency that mark the progress of a maturing society[,]' or 'involve[s] the unnecessary and wanton infliction of pain[.]'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 100-01 (1958) and *Gregg v. Georgia*, 428 U.S. 153, 169-73 (1976) (citations omitted)). While the Eighth Amendment "'does not mandate comfortable prisons,' neither

does it permit inhumane ones." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)).

A plaintiff's constitutional right against cruel and unusual punishment is violated by an "unnecessary and wanton infliction of pain." *Whitley v. Albers,* 475 U.S. 312, 319 (quotation marks omitted); *Griffin v. Crippen,* 193 F.3d 89, 91 (2d Cir. 1999). "A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components – one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009) (citing *Hudson,* 503 U.S. at 7-8; *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999)). To satisfy the subjective requirement in an excessive force case, the plaintiff must demonstrate that "the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Wright*, 554 F.3d at 268 (quotation marks omitted). This inquiry turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian,* 503 U.S. 1, 6 (1992) (quotation marks omitted); *accord*, *Blyden*, 186 F.3d at 262. The Supreme Court has emphasized that the nature of the force applied is the

"core judicial inquiry" in excessive force cases – not "whether a certain quantum of injury was sustained." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam). Accordingly, when considering the subjective element of the governing Eighth Amendment test, a court must be mindful that the absence of serious injury, though relevant, does not necessarily negate a finding of wantonness. *Wilkins*, 559 U.S. at 37; *Hudson*, 503 U.S. at 9.

Additionally, courts must bear in mind that "[n]ot every push or shove, even if it later may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (quotation marks omitted); *see also Griffin*, 193 F.3d at 91. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (quotation marks omitted).

"The objective component [of the excessive force analysis] . . . focuses on the harm done, in light of 'contemporary standards of decency.'" *Wright*, 554 F.3d at 268 (quoting *Hudson*, 503 U.S. at 8); *see also Blyden*, 186 F.3d at 263 (finding the objective component "context specific, turning upon 'contemporary standards of decency'"). In assessing

this component, a court must ask whether the alleged wrongdoing is objectively harmful enough to establish a constitutional violation. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *accord Hudson*, 503 U.S. at 8; *see also Wright*, 554 F.3d at 268. "But when prison officials use force to cause harm maliciously and sadistically, 'contemporary standards of decency always are violated. This is true whether or not significant injury is evident.'" *Wright*, 554 F.3d at 268-69 (quoting *Hudson*, 503 U.S. at 9) (alterations omitted)). The extent of an inmate's injury is but one of the factors to be considered in determining whether a prison official's use of force was "unnecessary and wanton" because "injury and force . . . are imperfectly correlated[.]" *Wilkins*, 559 U.S. at 38. In addition, courts consider the need for force, whether the force was proportionate to the need, the threat reasonably perceived by the officials, and what, if anything, the officials did to limit their use of force. *Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321; *Romano*, 998 F.2d at 105.

In this case, liberally construed, plaintiff's amended complaint alleges that defendant Garland intentionally closed the feed hatch door on plaintiff's arm after plaintiff refused to provide defendant Garland with his DIN for a second time. Dkt. No. 11 at 4. Although plaintiff correctly provided his DIN to the nurse who arrived at his cell, defendant Garland

15

allegedly blocked the nurse from providing the medication to plaintiff and then "with . . . a crooked crazy smile on his face[,]" defendant Garland ordered plaintiff to repeat his DIN. *Id.* When plaintiff ignored him, defendant Garland closed the feed hatch door while plaintiff's arm was still extended through it. *Id.* Plaintiff alleges that, as a result of defendant Garland's conduct, he suffered a laceration to his forearm. *Id.* In light of the generous pleading standards, as well as my obligation to liberally construe a *pro se* litigant's pleadings, I find that these allegations are sufficient to satisfy both the objective and subjective elements of an Eighth Amendment excessive force cause of action. Accordingly, I recommend the court deny defendants' motion for judgment on the pleadings with respect to plaintiff's excessive force claim asserted against defendant Garland.

Turning to defendant Vesneske, plaintiff's amended complaint alleges that, after he told defendant Vesneske he did not want to be seen by anyone in the mental health unit, defendant Vesneske told plaintiff he was "going anyway[.]" Dkt. No. 11 at 5. Having perceived defendant Vesneske's order as a threat, plaintiff thereafter refused defendant Vesneske's instruction to "cuff up." *Id.* Defendant Vesneske then "gas[s]ed" plaintiff while he was inside his cell, diminishing plaintiff's ability

16

to see and breathe. *Id.* Although it is not clear from plaintiff's amended complaint what is meant by the statement that he was "gas[s]ed," I find that, liberally construed, the amended complaint sufficiently pleads an excessive force cause of action against defendant Vesneske. Other than plaintiff's singular refusal to "cuff up" – a term that is also not clearly defined – there appears to be no reason for defendant Vesneske to use the amount of force he did by "gas[sing]" plaintiff's cell. While it may become evident later in this action that such conduct was justified and/or that defendant Vesneske did not act with the requisite mental state to satisfy the subjective element, there are sufficient facts alleged at this juncture to satisfy the pleading requirements. Accordingly, I recommend that defendants' motion for judgment on the pleadings be denied with respect to plaintiff's Eighth Amendment excessive force claim asserted against defendant Vesneske.

IV. <u>SUMMARY AND RECOMMENDATION</u>

In light of an earlier lawsuit filed by plaintiff that includes one of the causes of action and defendants implicated in this action, defendants seek dismissal of the current matter as duplicative of the first. Having examined the two pending actions, I find that they each include causes of action against defendants not named in the other, and, for that reason, dismissal

17

is not appropriate at this juncture. I do find, however, that, for the convenience of the parties and for the sake of judicial efficiency, the two actions should be consolidated. In addition, while defendants seek dismissal of the excessive force claims asserted against defendants Garland and Vesneske, I find that the amended complaint alleges sufficient facts to plausibly support those causes of action at this juncture. Accordingly, it is respectfully

RECOMMENDED that defendants' motion to stay or abate proceedings in this action, or, in the alternative, dismiss the excessive force claim asserted against two of the defendants, (Dkt. No. 29) be DENIED; and it is further respectfully

RECOMMENDED that this action be consolidated with *Trowell v. Santamore,* No. 16-CV-0639 (N.D.N.Y. filed June 6, 2016).

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[2] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[2] If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or

18

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:    September 21, 2017
             Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge

---

legal holiday. Fed. R. Civ. P. 6(a)(1)(C).